## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 08 2019, 8:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew Bernlohr
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jon Southwood,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 8, 2019

Court of Appeals Case No.
18A-CR-1245

Appeal from the Marion Superior Court

The Honorable Steven J. Rubick, Judge Pro Tempore

Trial Court Cause No.
49G01-1609-F5-37854

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Jon Southwood (Southwood), appeals his adjudication as a habitual offender, Ind. Code § 35-50-2-8.

We affirm.

# ISSUE

Southwood presents one issue on appeal, which we restate as: Whether the trial court abused its discretion by allowing the State to file an untimely habitual offender enhancement charge against Southwood.

# FACTS AND PROCEDURAL HISTORY

On September 27, 2016, the State filed an Information, charging Southwood with Level 5 felony robbery. About a month later, on November 28, 2016, the State filed a Notice of Intent to File Habitual Offender Enhancement, indicating that it would file a habitual offender charge "if plea negotiations" were "unsuccessful." (Appellant's App. Vol. II, p. 54). By January of 2018, no plea agreement had been reached. Southwood thereafter waived his right to a jury trial.

A bench trial was then scheduled for April 13, 2018. The day before Southwood's trial, on April 12, 2018, the State filed a habitual offender charge, alleging that Southwood had accumulated two prior unrelated felony convictions—a Class C felony robbery in 2006 and a Class D felony possession of paraphernalia in 2012. Southwood objected, arguing that the State had failed

to show "good cause" for the belated filing. (Appellant's App. Vol. II, p. 79). At the start of his bench trial, the trial court denied Southwood's motion after finding that Southwood was aware that the State would file such a charge in November 2016.

[6] At the conclusion of the first phase, the trial court found Southwood guilty of the Level 5 felony robbery charge. During the second phase, the trial court found that Southwood was an habitual offender. On May 1, 2018, the trial court conducted a sentencing hearing and sentenced Southwood to a term of two years for the robbery conviction and enhanced that sentence by two years due to Southwood's habitual offender status.

[7] Southwood now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[8] Southwood argues that the trial court abused its discretion when it allowed the State to file a belated habitual offender charge against him. Indiana Code section 35-34-1-5(e) provides:

> An amendment of an indictment or information to include a habitual offender charge under [I.C. § 35-50-8] must be made at least thirty (30) days before the commencement of trial. However, upon a showing of good cause, the court may permit the filing of a habitual offender charge at any time before the commencement of the trial if the amendment does not prejudice the substantial rights of the defendant. If the court permits the filing of a habitual offender charge less than thirty (30) days before the commencement of trial, the court shall grant a continuance at the request of the:

> (1) state, for good cause shown; or
>
> (2) defendant, for any reason.

[9] Here, the habitual offender charge was filed one day before trial and was therefore untimely. Although tardy, we cannot agree with Southwood that the State failed to show good cause for the filing.

[10] We have previously noted that the purpose of Indiana Code section 35-34-1-5(e) is to allow a defendant sufficient time to prepare a defense for an habitual offender charge. *Land v. State*, 802 N.E.2d 45, 53 (Ind. Ct. App. 2004), *trans. denied*. Towards that end, section 35-34-1-5(e) also provides that the trial court may permit the filing of an habitual offender charge at any time before the commencement of trial "upon a showing of good cause." Also, a defendant must show that he or she was prejudiced by the belated filing. *Jackson v. State*, 938 N.E.2d 29, 39 (Ind. Ct. App. 2010), *trans. denied*.

[11] Once a trial court finds good cause, we review that decision for an abuse of discretion. *Id*. An abuse of discretion occurs only where the decision is clearly against the logic and effect of the facts and circumstances. *Id*. The trial court is not required to enter a specific finding concerning good cause, and we will determine that the trial court impliedly found good cause if it permits the State to file an habitual offender Count. *Jackson*, 938 N.E.2d at 39.

[12] Southwood was charged for the Level 5 felony robbery on September 27, 2016, and a month later, on November 28, 2016, the State filed its Notice of Intent to

File Habitual Offender Enhancement charge against Southwood if a plea deal was not successful. By January 2018, no plea had been reached by the parties. Southwood thereafter waived his right to a jury trial and a bench trial was scheduled. A day before his bench trial, on April 12, 2018, the State filed the habitual offender charge. At the start of his bench trial, Southwood again objected to the State's untimely filing, but the trial court noted that Southwood was aware that the State would make such a filing in November 2016 if Southwood had not accepted the State's plea offer. In *Land* we noted that evidence of ongoing plea negotiations may constitute good cause for a belated habitual offender filing. *Land*, 802 N.E.2d at 53. Thus, we conclude that there was good cause for the belated filing. *See* also *Williams v. State*, 735 N.E.2d 785, 789 (Ind. 2000) (finding good cause where State and defendant were involved in plea negotiations "up until the date the habitual offender information was filed").

[13] Moreover, Southwood does not establish that he was prejudiced as a result of the belated filing. *See Jackson*, 938 N.E.2d at 39. The State withheld the filing of the habitual offender charge due to the plea negotiations. Southwood had been on notice for an entire year that the habitual offender charge would possibly be filed, and Southwood does not argue that this was not adequate time to allow him to prepare his defense.

[14] Based on the foregoing, we conclude that the trial court did not abuse its discretion when it found that the State had demonstrated good cause for its late filing of the habitual offender charge.

# CONCLUSION

In sum, we conclude that the trial court did not abuse its discretion when it allowed the State to belatedly file the habitual offender charge against Southwood.

Affirmed.

Kirsch, J. and Robb, J. concur